## Title Guaranty & Surety Company, Appellee, v. Standard Construction Company, Appellant.

### Gen. No. 14,909.

1. PARTIES—*when objection to identity of plaintiff with party named in contract comes too late.* In an action upon a contract an objection to the identity of the plaintiff with one of the parties to such contract, *held*, under the circumstances of this case, to come too late when first raised on appeal.

2. CONTRACTS—*when previous dealings incompetent to aid construction.* Previous dealings are not competent to aid the construction of a contract if the contract upon which the previous dealings were predicated was not identical with the one under construction.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed March 18, 1910.

Statement by the Court. The defendant, appellant herein, gave a $130,000 bond, with the Title Guaranty & Trust Company as surety, to a railroad company, conditioned on the faithful performance of a construction contract. In connection with its application for the bond it gave the Trust Company a so-called indemnity agreement consisting of a printed form with blanks, some of which were filled in. The agreement begins as follows:

"In consideration of the Title Guaranty & Trust Company of Scranton, Penna., becoming surety on the bond of the................................................................: herein applied for, it hereby covenants and agrees to pay in advance the premium or fees hereafter agreed upon, *namely,* 25c per $100 on contract for bid bond. (The same to be credited on the premium for the contract bond.)   One-fourth of 1 per cent on the $636.00 amount of the contract bond for the first year thereof and..................per cent annually thereafter until it shall serve upon said company at its Home Office, in the City of Scranton, Pennsylvania, competent written evidence of its discharge from such suretyship and all liability by reason thereof."

In this action, brought to recover the premium alleged to be due under this agreement, for the second and third years, at the rate of $636 annually, judgment was rendered on the findings of the court for $1272 in accordance with plaintiff's claims.

STEIN, MAYER & STEIN, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; WALTER H. JACOBS, of counsel.

MR. JUSTICE MACK delivered the opinion of the court.

The principal errors assigned by appellant in connection with the findings and judgment raise the following questions:

1st. Can plaintiff, The Title Guaranty & *Surety* Company, recover under the evidence in this case on a contract made with the Title Guaranty & *Trust* Company?

2nd. Does the contract contemplate a single premium or annual premiums?

3rd. If annual premiums, was the plaintiff discharged from liability on the bond before the end of the second year and if so is the recovery to be limited to the second year's premium?

Suit was begun in the name of "Title Guaranty & Surety Company, formerly known as Title Guaranty & Trust Company." Plaintiff attempted to prove the identity of the corporation by asking a witness whether they were the same company, and after defendant's general objection to the question was sustained the question was withdrawn. While no other direct evidence of the identity was offered, no finding in favor of the defendant was requested at the close of the testimony and in no way, so far as the record shows, did the defendant raise the point in the trial court, upon which it now insists, that the identity of the Title Guaranty & Surety Company with the Title Guaranty & Trust Company had not been proven and that therefore no cause of action had been established in favor of this plaintiff.

In our judgment, under the circumstances of this case, the objection is made too late, for after the unsuccessful attempt to make the proof, both parties assumed the identity in the questions put to the witnesses and in the findings requested of the court. One of plaintiff's witnesses was asked without objection

whether he "had been in the employ of the plaintiff in this suit, the Title Guaranty & Surety Company, formerly known as the Title Guaranty & Trust Company of Scranton." The court held at defendant's request that the contract in question was a printed form prepared by this plaintiff. Defendant also requested a finding that this plaintiff was released as surety on the bond given to the railroad. In this and other ways, the identity of the two companies was assumed; it cannot now be questioned.

There was a conflict in the testimony of the witnesses as to the interlineations and expert testimony was offered thereon. Defendant claims that the quoted portion of the agreement should read "one-fourth of 1 per cent on the amount of the contract for the first year and blank per cent annually thereafter." This is based on the theory that, while one line appears to be drawn through the per cent mark and through "an" in the word annually, the other was not drawn through either of them and the latter should control. It contends further that if the former controls, then the word "annually" reduced to "nually" is meaningless and if this be not so, nevertheless without the insertion of some phrase as "one-fourth of 1 per cent" or "the same" before the word annually, no premium beyond that paid for the first year could be claimed.

In the agent's statement, which was on the same page as and under the indemnity agreement sued on in this case, there appears, after the printed words "premium agreed upon," the written words "one-fourth of 1 per cent on amount of contract." Defendant contends that this statement corroborates its construction of the contract, viz.: that there was to be only a single premium paid.

Defendant complains also of the rejection of evidence offered by it that in former similar contracts between the same parties the words "the same" were inserted in the blank before the word "annually."

We cannot, however, agree with these contentions.

The contract as offered showed the per cent mark crossed out; it is not at all clear from the photographic copy whether the letters "an" are also similarly erased. If they are, nevertheless the characters that remain "nually" taken in connection with the rest of the sentence can mean only "annually." We cannot assume that there was any intention to take out the whole word. Therefore whether what remains is to be read "per cent annually" or "annually" the interpretation of it seems entirely clear without the insertion of any words. The agent's statement does not purport to describe the premium as single or annual and therefore throws no light on the question. The offered proof of previous dealings was, in our judgment, properly rejected but even if admitted it would not fairly lead to the inference that, because in former contracts and not in this one the words "the same" were inserted in the blank, therefore the omission is equivalent to the insertion of the word "no."

That the parties did not discuss the question of payment of premiums after the first year is equally immaterial.

We cannot say that the finding of the court that there had been no alteration subsequent to the execution of the instrument is against the preponderance of the evidence, and we concur in the interpretation given to the instrument in its form as offered, that it obligated defendant to pay annual premiums.

Whether the premiums continue until written notice of discharge should be served on plaintiff or only until it is in fact discharged from further liability need not be here determined because, in our judgment, the so-called settlement agreement between defendant and the railroad was in no sense such an alteration of the original contract as would discharge a surety, but only a statement of the balances due to defendant with provisions for their payment. Defendant still remained liable to the railroad to protect it against mechanic's liens and plaintiff's liability on the bond therefore re-

mained unaffected.  Moreover the bond itself was conditioned not merely on defendant's fulfillment of its obligations to the railroad under the original contract but also under "any alterations and additions to said contract."

*Affirmed.*